NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD ROBIN BARREN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JAMES DZURENDA, Director; BRIAN WILLIAMS, Warden; NASH, Assoc Warden; M. HUBBARD-PICKETT; FUSCARENO; DARLA FOLEY; DENISE DAVIS; JERRY HOWELL; DREESEN; OLIVER MORA-ROCHA; ERIC CHRISTIANSEN; SUSAN JACKSON; SONYA CARRILLO, <br><br> Defendants - Appellees, <br><br> and <br><br> EVERITT, correction officer, HERNANDEZ, caseworker CCSII, MICHAEL KESLER, CHILDRESS, H. LANDSMAN, MINERVA DE LA TORRE, <br><br> Defendants. | No. 23-4040 <br><br> D.C. No. 2:19-cv-00142-CDS-VCF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cristina D. Silva, District Judge, Presiding

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Nevada state prisoner Donald Robin Barren appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his First and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). We affirm.

The district court properly dismissed Barren's claims against defendant Dzurenda because Barren failed to allege facts sufficient to show that Dzurenda personally participated in any alleged rights deprivations or conspired to violate Barren's rights. *See Puente v. City of Phoenix*, 123 F.4th 1035, 1064 (9th Cir. 2024) (explaining that a supervisor is liable under § 1983 only if he "participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them" (citation omitted)); *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (providing that a claim of conspiracy under § 1983 requires an underlying constitutional violation).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Barren's claims against defendants Jackson, Christiansen, Davis, and Foley because Barren failed to allege facts sufficient to state a plausible claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context).

Finally, we do not consider Barren's contentions that the district court denied his rights to discovery, service defendants, or trial by jury because they are not supported by argument in the opening brief. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

**AFFIRMED.**